# IN THE SUPREME COURT OF TEXAS

═══════════
No. 11-0189
═══════════

RYLAND ENTERPRISE, INC., PETITIONER,

v.

VICKIE WEATHERSPOON, RESPONDENT

═══════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS
═══════════════════════════════════

### PER CURIAM

In this case we must decide whether the court of appeals erred in dismissing Ryland Enterprise, Inc.'s appeal as untimely. Because an arguable interpretation of our procedural rules allowed Ryland's premature, pre-judgment motion for judgment notwithstanding the verdict (JNOV motion) to extend the appellate timetable to ninety days, the court of appeals erred in dismissing the appeal. Accordingly, pursuant to Texas Rule of Appellate Procedure 59.1 without hearing oral argument, we reverse the court of appeals' judgment and remand the case to that court.

Vickie Weatherspoon sued Ryland Enterprise, Inc. in 2007, and the case went to trial in May 2010. On May 4th, the jury returned a verdict for Weatherspoon. On May 25, 2010—after the jury verdict but before the judgment was signed—Ryland filed a JNOV motion on legal insufficiency grounds. Though not styled as a motion for new trial, the JNOV motion also requested a new trial in the alternative. Prior to holding a hearing on the JNOV motion, the trial court signed a judgment

for Weatherspoon on June 14, 2010, initiating the appellate time table.  The judgment also purported to—via a handwritten notation by the judge on the face of the order—deny Ryland's JNOV motion.  Despite that purported denial, Weatherspoon filed a response to the JNOV motion on July 7, 2010, and the trial court held a hearing on the motion on July 8th.  Though no written order appears in the record, an electronic docket sheet indicates that the judge (presumably orally) denied the motion (again) on that day.

Over a month later, on August 18, 2010, Ryland filed a notice of appeal in the trial court, sixty-five days after the judgment was signed.  Because the notice was filed beyond the thirty-day deadline that applies if none of the motions listed in Texas Rule of Appellate Procedure 26.1(a) is filed, Weatherspoon moved to dismiss the appeal as untimely.  The court of appeals granted the motion and issued a per curiam opinion.  ___ S.W.3d ___.  The court reasoned that although a JNOV motion may extend the appellate timetable to ninety days in some circumstances, it only does so if filed after the judgment is signed, and not before.  We disagree.

This Court has consistently treated minor procedural mishaps with leniency, preserving the right to appeal.  *See Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997).  In *Verburgt*, a litigant mistakenly filed a cost bond four days late without filing a motion for an extension of time.  *Id.* at 615–16.  This Court held that a motion for extension of time is implied if a party in good faith files late, but within the fifteen-day time period for requesting an extension.  *Id.* at 617.  We have applied comparable leniency when a litigant failed to comply with the appellate rules for indigency filings, *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 688–89 (Tex. 2008); when a litigant did not adequately explain the reason for an untimely notice of appeal, *Hone v. Hanafin*, 104 S.W.3d

2

884, 888 (Tex. 2003); and, most pertinent here, when a litigant sought to extend the appellate filing deadlines with a post-judgment motion not explicitly mentioned in the time-extending provisions of Rule 26.1, *Gomez v. Tex. Dep't of Criminal Justice, Inst'l Div.*, 896 S.W.2d 176, 176–77 (Tex. 1995) (per curiam). We summed up this principle of leniency in *Verburgt* with the rule that "appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." 959 S.W.2d at 616.

In this case, a number of overlapping procedural rules apply. Under Rule 26.1, the normal filing deadline for a notice of appeal is thirty days. That deadline is extended to ninety days "if any party timely files: (1) a motion for new trial; [or] (2) a motion to modify the judgment." TEX. R. APP. P. 26.1(a)(1)–(2). Texas Rule of Civil Procedure 329b states that a motion for new trial is timely if filed "*prior to* or within thirty days after the judgment . . . complained of is signed." TEX. R. CIV. P. 329b(a) (emphasis added). This "prior to" language is supplemented and clarified by civil rule 306c, which provides that "[n]o motion for new trial . . . shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails." TEX. R. CIV. P. 306c. The Rules of Appellate Procedure echo this concept in Rule 27.2, under which "[t]he appellate court may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed." TEX. R. APP. P. 27.2. Finally, civil rule 329b(g) states that a "motion to modify . . . shall be filed and determined . . . and shall extend . . . the time for perfecting an appeal in the same manner as a motion for new trial." TEX. R. CIV. P. 329b(g). Thus, the premature filing rules in civil rule 306c and appellate rule 27.2 apply equally

to motions for new trial or to modify the judgment. Under these overlapping procedural rules, the filing of a motion for new trial or to modify the judgment, before the judgment is signed or within thirty days after, extends the deadline for filing a notice of appeal to ninety days.

The underlying nature of Ryland's JNOV motion was: (1) to assail the judgment likely to follow from the jury's verdict; and (2) to request a new trial. Either purpose warrants the application of the above-described procedural rules. A JNOV motion can constitute a "motion to modify the judgment" under Rule 26.1(a)(2) if it assails the later-entered judgment. *See Gomez*, 896 S.W.2d at 176–77 (holding that any motion which "assail[s] the trial court's judgment" extends the appellate timetable). Ryland's legal sufficiency challenge, though raised in a JNOV motion, certainly assailed the judgment that was eventually signed. Moreover, Ryland's JNOV motion specifically requested a new trial in the alternative. Since courts should acknowledge the substance of the relief sought despite the formal styling of the pleading, *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (citing TEX. R. CIV. P. 71), that alternative request further bolsters the applicability of Rule 26.1. Whether a premature motion to modify the judgment or a premature motion for new trial, Ryland's motion clearly assailed the trial court's judgment and triggered Rule 26.1(a)'s extension of the appellate timetable.[1]

---

[1] The court of appeals focused on the fact that the JNOV motion in this case was filed pre-judgment, rather than post-judgment, perhaps implicitly referencing the "live pleading" requirement adopted by some courts of appeals. *E.g.*, *Brazos Elec. Power Coop., Inc. v. Callejo*, 734 S.W.2d 126, 129 (Tex. App.—Dallas 1987, no writ) ("[W]hen . . . a judgment is entered, the trial court disposes of the prior pending motion for judgment on the verdict [or JNOV], and the motion is no longer a 'live' pleading that can operate to extend the appellate timetable . . . [or] be considered as a *prematurely* filed motion for new trial under [Texas Rule of Appellate Procedure 27]." (emphasis in original)); *see also* *A.G. Solar & Co. v. Nordyke*, 744 S.W.2d 646, 647–48 (Tex. App.—Dallas 1988, no writ) (applying the same rule to a motion for new trial that had been overruled prior to the judgment being signed). But this Court has rejected the live pleading requirement in *Fredonia State Bank v. General American Life Insurance Co.*, 881 S.W.2d 279, 282 n.2 (Tex. 1994), and *Wilkins v. Methodist Health Care System*, 160 S.W.3d 559, 562–63 (Tex. 2005), and we see no reason to apply it to this case. *But cf. Wilkins*, 160 S.W.3d at 563 (holding that when a pre-judgment motion is *granted*, it does

4

On the facts of this case, an arguable interpretation of appellate rules 26.1(a) and 27.2 and civil rules 329b and 306c allowed Ryland's motion, though filed pre-judgment, to nevertheless extend the appellate timetable to ninety days. Ryland's sixty-fifth-day notice of appeal was therefore timely, and the court of appeals erred in dismissing the appeal. Pursuant to Texas Rule of Appellate Procedure 59.1, we reverse the court of appeals' judgment without hearing oral argument and remand to that court for consideration of Ryland's appeal.

**OPINION DELIVERED: December 16, 2011**

---

not preserve error or extend the appellate timetable as to a later-signed contrary judgment).